|1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA



FILED
HARRISBURG, PA

JUL 23 2015

MARIA E. ELKINS, CLERK
Per_____

DARIAN RENARD TENSLEY,
    Petitioner,

v.

U.S.P. ALLENWOOD; JANE
AND/JOHN DOE,
    Respondent.

CASE NO. 08:03-CR-277-T-23

M E M O R A N D U M

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C.
§ 2241 SEEKING DISCHARGE FROM THE CAREER OFFENDER PENALTY
ON THE GROUNDS OF ACTUAL INNOCENCE

    Comes Now, Darian Renard Tensley, the Petitioner, Pro Se and respectfully applies to this Honorable Court for writ of habeas corpus, pursuant to Title 28 United States Code, Section 2241. Petition is filed in light of the recent shift in law worked by the United States Supreme Court in Johnson v. United States, No. 13-7120 (June 26, 2015), which rendered the residual clause of the Armed Career Criminal Act, and its counterpart, the Career Offender provision of the United States Sentencing Guidelines unconstituional.

## I. JURISDICTION

    Jurisdiction is conferred on the Court pursuant to Circuit holdings in In Re Dorsainvil, 119 F.3d 245(CA3, 1997), which allows this Petitioner to proceed under § 2241 on the premise that § 2255 is inadequate or ineffective to test the

|2

legality of detention, that is "when a Petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Stephens v. Herrera, 464 F.3d 895, 898 (CA9, 2006); Winkleman v. Longley, 2011 U.S. Dist. LEXIS 119443. In determining whether a Petitioner has had an unobstructed procedural shot at presenting his claim, the court considers "(1) whether the legal basis for Petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 Motion and (2) whether the law changed 'in a way relevant' to Petitioner's claim after that first § 2255 Motion.'" Ivy v. Pontesso, 328 F.3d 1057, 1059 (CA9, 2003).

In this case, Tensley shows that the remedy pursuant to § 2255 is in fact inadequate and ineffective to test the legality of his detention because the application of Johnson did not arise until after his direct appeal and initial § 2255, yet same makes him actually innnocent of being a career offender primarily because Johnson expressly eliminates the use of his prior conviction for resisting an officer with violence, id. In addition [,] at the time Tensley filed his initial § 2255 Motion, the law prohibited the so-called "procedural shot" at the claim, see, James v. United States, 550 U.S. 192 (US, 2007). Of course to continue the execution of such a penalty creates a grossly unfair outcome in this proceeding, and condones punishment that law cannot impose. See e.g. Schriro v. Summerlin, 542 U.S. 348 (US, 2004). Though Tensley readily acknowledges that the Supreme

3

Court's recent shift in law rendered the residual clause of the ACCA unconstitutional, there can be no reasonable debate that it's counterpart, the Career Offender provision, U.S.S.G. § 4B1.1 is under the same umbrella, See generally, United States v. Coronada, 603 F.3d 706, 798-10 (CA9, 2010)(the categorical analysis applies to the residual clause of the ACCA applies in the context of § 4B1.2 because the language of both the ACCA and the Guidelines adopt the same "serious risk of injury" test). By accord of the preceding facts and law, the Dorsainvil standard is met, and we must proceed to the merits. See Brief of the Solicitor General in Persaud v. United States, 134 S.Ct. 1023 at 13 (allowing and conceding that the remedy under § 2241 is appropriate to challenge an unlawful sentence); also, the "Escape Hatch" pursuant to 28 U.S.C.§ 2255(e).

## II. DISCUSSION

a. <u>Posture</u>

Petitioner Darian Renard Tensley was convicted pursuant to a plea agreement for possession with the intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C.§ 841(a) and (b)(1)(A). In sentencing Petitioner, the district court adopted the presentence report which found Petitioner to be a career offender, based on two prior conviction for either a crime of violence or a controlled substance offense. At sentencing, the court imposed a sentence of 327 Months imprisonment. All appeals in the case were affirmed.

At sentencing, the findings that Petitioner is a [sic] Career Offender were based on his convictions for (1) the sale of cocaine, at age 16 of which he received a juvenile sentence; and (2) resisting an officer with violence in the 3rd degree. Though the cocaine sale conviction clearly cannot support the career offender penalty, see U.S.S.G. Manual, § 4A1.2, this motion is reserved for the latter conviction, resisting an officer with violence. However, if it should please the court, it can reach the merits from the juvenile angle.

b. <u>Argument</u>

Petitioner contends under Johnson, he stands actually innocent of being a Career Offender pursuant to United States Sentencing Guideline Manual, § 4B1.1. He grounds this contention on the fact that following Johnson's holding, a conviction for an offense that is against or involves government officials or custodial status no longer qualify as predicate for penalties under § 4B1.1, the Career Offender penalty provision. To be sure, in the State of Florida, resisting an officer with violence in the 3rd degree does not identify, nor require any particular risk by the crime, and is uncertain about how the crime should be committed, or how much risk it takes for the crime to qualify, Johnson id. at 5-6. In Johnson, the Court faced the issue of what crime constitutes a crime of violence. Mr. Justice Scalia wrote for the Court that "the indeterminacy of the wide ranging inquiry required by the residual clause both denies fair

notice to the defendant and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." Johnson slip op. at 5. The Court went on to reason that the residual clause's two fatal flaws—"grave uncertainty about how to estimate the risk posed by the crime" and "uncertainty about how much risk it takes for a crime to qualify"—rendered the residual clause void for vagueness. id.

Indeed, application of Johnson's principle to the Career Offender provision, and therefore this case affirmatively renders Darian Renard Tensley actually innocent of being a Career Offender, and most importantly, renders his sentence unconstitutional. He did not receive an adequate notice under § 4B1.1 and 2 and thus, due process commands his release from the career offender penalty by writ of habeas corpus.

### III. REASON FOR GRANTING THIS PETITION

Under the profound reasoning of Johnson, Mr. Tensley's prior conviction for resisting an officer with violence cannot save the Career Offender penalty, because the imposition of an increased sentence under the Career Offender's residual clause violates the due process of law, where that clause is unconstitutionally vague. There is simply no benchmark under § 4B1.1 to determine under what circumstances does Tensley's prior resisting an officer conviction qualify. What is clear, however, is Johnson's holding has eliminated offenses against or involving government officials or custodians, and it therfore follows that

|6

absent the necessary [sic] convictions for either a crime of violence or a controlled substance offense, Petitioner Derian Renard Tensley is actually innocent of being a Career Offender, and prays discharge by writ of habeas corpus.

May it Please the Court

/s/

Darian Renard Tensley

## IV. CERTIFICATE OF SERVICE

This certifies that a true and complete copy of all the foregoing was mailed to the United States District Court for the Middle District of Pennsylvania, with service on the respondent this 20 day of July, 2015.

Darian Renard Tensley